| | | | |
|---|---|---|---|
| **JOHN JOSEPH ZINKAND,** | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | | |
| **v.** | ) | **ORDER** | |
| | ) | | |
| **ROBERT LEWIS, et al.,** | ) | | |
| | ) | | |
| **Defendants.** | ) | | |
| | ) | | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Complaint, (Doc. No. 1), and on Plaintiff's Motion to Appoint Counsel, (Doc. No. 6).

**I.     BACKGROUND**

According to his Complaint, on June 24, 2010, Plaintiff was an inmate at the Marion Correctional Institution working in the food services division. Plaintiff alleges that he sustained injuries after hot water spilled on him from a trash can overturned by a fellow inmate. Plaintiff explains that Officer Williams, who was apparently supervising the inmates in the food services division, assisted him by removing his socks and shoes and pouring vinegar on his injuries.

Following this initial response, Plaintiff complains that he was never treated at an "outside hospital." Instead, prison medical staff treated him within the prison, put him on bed rest, and applied burn cream. Plaintiff sustained self-described "third-degree burns" and he was put in a wheel chair for two months from which he graduated to a walker and then a cane. Medical staff ultimately discontinued his medications. In response, Plaintiff filed a grievance and he was transferred. Plaintiff maintains that he continued to press for treatment at an "outside hospital to get proper care but was denied." (Doc. No. 1 at 3). Plaintiff continues that a person

1

that was not "medical staff attempted to treat" him, "then when [he] did see medical [he] was not given proper or fair treatment." (Id.).

In his claim for relief, Plaintiff seeks an injunction requiring the prison system to arrange for him "to be seen by a doctor on the street." Plaintiff is suing for $10,000,000 in punitive damages for his pain and suffering. (Id. at 4).

## II.    STANDARD OF REVIEW

Plaintiff is proceeding in forma pauperis in this matter and the Court must therefore review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Further, Section 1915A requires initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, if the complaint fails to state a claim for relief. In this initial review, the Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III.    DISCUSSION

A.    Initial Review

Plaintiff names as defendants Robert Lewis, Director of N.C. D.O.C. or Department of Public Safety, Dr. Keith A. Kuhne, N.P.[1] FNU Morgan, and N.P. David Baker. (Doc. No. 1 at 2). However, Plaintiff does not allege any facts against these individuals in the body of his Complaint. See (Doc. No. 1 at 3-4). Instead, the only people Plaintiff mentions in the allegations of his Complaint are fellow inmate James Smith and Officers Holland, Haybour, and

---

[1] The Court assumes that "N.P." stands for nurse practitioner.

2

Williams. Defendants Lewis, Kuhne, Morgan and Baker are dismissed because Plaintiff fails to allege any facts against them.[2]

Plaintiff also fails to state a claim against Smith, Holland, Haybour and Williams, who are not named as defendants but are mentioned in the allegations of Plaintiff's Complaint. (Doc. No. 1 at 3). Plaintiff's allegations make plain that he received medical care for his alleged burn injuries and that the care continued for a number of months. Such care included treatment with bed rest, burn cream, and ambulatory aids in the form of a wheel chair, walker, and a cane. (Id.). Plaintiff expresses frustration and disagreement with the scope and course of his treatment. (Id.). Although Plaintiff does not expressly mention the Eighth Amendment to the United States Constitution and its prohibition on deliberate indifference to serious medical needs, the Court finds that is precisely what Plaintiff's claim purports to do. However, mere disagreement with the manner and course of treatment provided by prison officials or medical personnel will not support a claim of deliberate indifference in violation of the Eighth Amendment. See, e.g., Wright v. Collins, 766 F.3d 841, 849 (4th Cir. 1985) (finding Section 1983 claims were intended to protect only those federal rights that are guaranteed under federal law); Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977). That Plaintiff would have appreciated treatment at an "outside hospital" does not transform his disagreement with the course of his actual treatment into an actionable claim under Section 1983. Plaintiff's Complaint is dismissed with prejudice

---

[2] The Court is mindful that a pro se complaint in a proceeding in forma pauperis should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore the clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. In other words, "the 'special judicial solicitude' with which a district court should view . . . pro se [filings] does not transform the court into an advocate . . ." See Weller v. Dep't of Soc. Servs., 901 F.3d 387, 391 (4th Cir. 1990).

Case 1:12-cv-00106-RJC   Document 7   Filed 02/13/13   Page 3 of 5

for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

   B.   Motion for Appointment of Counsel

Plaintiff contends that he is unable to afford counsel and that a trial of this matter may be complex and an attorney would be in a better position to prosecute his claim. (Doc. No. 6 at 1). The law is clear that a civil litigant does not have a constitutional right to counsel. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. of Iowa , 490 U.S. 296, 298 (1989) (noting that 28 U.S.C. § 1915 does not authorize the compulsory appointment of counsel); see also Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968) (noting that obtaining the assistance of counsel in a civil case "is a privilege not a right."). Rather, pursuant to 28 U.S.C. § 1915(e)(1), the Court has discretion to request the assistance of an attorney for an indigent person in a civil case. In order to warrant the Court's exercise of this discretion, the litigant must demonstrate the existence of exceptional circumstances. Whisenant, 739 F.2d at 163. The existence of exceptional circumstances depends upon "'the type and complexity of the case, and the abilities of the individuals bringing it.'" Id. (quoting Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982)). A plaintiff can show exceptional circumstances by demonstrating that he "has a colorable claim but lacks the capacity to present it." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).

The Court has examined Plaintiff's Complaint, and finds that Plaintiff has adequately presented his allegations to the Court. Plaintiff's Motion for Appointment of Counsel is denied.

4

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.      Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** with prejudice for failure to
state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2) &
1915A(b).

2.      Plaintiff's Motion for Appointment of Counsel, (Doc. No. 6), is **DENIED**.

3.      The Clerk of Court is directed to close this case.

Signed: February 13, 2013

Robert J. Conrad, Jr.
Chief United States District Judge

5